FRANCIS M. BASS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73626. Promulgated March 6, 1934.

*George M. Spears, C. P. A.*, for the petitioner.
*O. W. Swecker, Esq.*, for the respondent.

#### OPINION.

TRAMMELL: In this proceeding the petitioner seeks a redetermination of a deficiency in income tax for the year 1930 in the amount of $288.66. The sole issue is whether or not petitioner is entitled to deduct from gross income for the taxable year a loss sustained under the following facts stipulated by the parties:

During the year 1924 the petitioner built a house, which was intended for and occupied by him exclusively as a residence.

During 1930 the said residence was destroyed by fire.

In filing his income tax return for the year 1930 the petitioner claimed a loss of $5,900.74, representing the difference between the cost of the said residence, reduced by the salvage value, and the insurance received.

The above-mentioned loss of $5,900.74 was computed as follows:

| | |
|---|---:|
| Cost of residence | $27,542.07 |
| Less: Salvage value | 1,000.00 |
| Net cost | $26,542.07 |
| Less: Insurance recovered | 20,641.33 |
| Loss as deducted | $5,900.74 |

The residence destroyed by fire was immediately replaced by petitioner and the insurance proceeds were invested therein.

In the audit of the petitioner's 1930 return the respondent disallowed the loss of $5,900.74.

It is agreed that if any loss is held to be deductible, it shall be the sum of $5,900.74.

Petitioner contends that the above loss is allowable as a deduction under the following provisions of the Revenue Act of 1928:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(e) *Losses by individuals.*—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

\*     \*     \*     \*     \*     \*     \*

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft.

Respondent contends that the loss is not recognizable for tax purposes, under the following provisions of the same act:

SEC. 112. RECOGNITION OF GAIN OR LOSS.

\*     \*     \*     \*     \*     \*     \*

(f) *Involuntary conversions.*—If property (as a result of its destruction in whole or in part, \* \* \*) is compulsorily or involuntarily converted into property similar or related in service or use to the property so converted, or into money which is forthwith in good faith \* . \* \* expended in the acquisition of other property similar or related in service or use to the property so converted, \* \* \* no gain or loss shall be recognized.

We think petitioner's contention must be sustained. That part of petitioner's property in the fire-destroyed residence which was not compensated for by insurance was not compulsorily or involuntarily converted into similar property, or into money which was expended in the acquisition of similar property, and hence such loss does not come within section 112 (f), *supra*, but is an allowable deduction under section 23 (e)(3), *supra*.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*